## DE GOER et al. *v.* KELLAR.

Where a promissory note endorsed in blank by the payee and a third person, and delivered by the maker to the syndic of an insolvent in payment of the price of property purchased at the sale of the insolvent estate, is transferred to a third person by the syndic, without any order of court and in violation of his duty, by an endorsement in blank made by the syndic in his individual name, and the note is transferred to a fourth holder, before maturity, in the ordinary course of business, in good faith, and for a valuable consideration, the fact of the transfer by the syndic, without an order of court, will not affect the right of the holder.   The creditors of the insolvent must look to the syndic or his sureties.

Where, pending an action against the maker of a note, the defendant deposits the amount, with the interest and costs which had accrued up to the time of the deposit, with the clerk of the court, to abide the result of a controversy between the plaintiff and certain intervenors who claimed to be entitled to the amount, the deposit not being a tender, and the plaintiff not being entitled by its terms to take the amount, the defendant will not thereby discharge himself from liability for further interest and costs.

APPEAL from the District Court of East Feliciana, *Boyle*, J.   This case was tried before a jury, and the plaintiffs appealed from a judgment, rendered on a verdict, in favor of the intervenors, and against the plaintiffs and defendant.   The facts of the case are stated in the opinion of the court, *infra*.

*T. G. Morgan*, for the appellants.   The note was transferred to the plaintiffs before maturity, and in the usual course of trade.   There was nothing on the note calculated to excite suspicion.   No notice was given prior to the maturity of the note, tending to show that any third person had any equitable interest therein.   The plaintiffs gave a valuable consideration for the note, and are *bonâ fide* holders.   If they are *bonâ fide* holders, they are entitled to recover, and their rights cannot be affected by the acts of antecedent holders.   Story on Promissory Notes, ss. 190 to 197.   *Coolidge* v. *Payson*, 2 Wheaton, 66, 70, 73.   *Townsley* v. *Sumrall*, 2 Peters, 170, 182,   *Swift* v. *Tyson*, 16 Peters, 15, 22.   Story on Bills, s. 188.

*Z. S. Lyons*, on the same side.   *Muse* and *Merrick*, for the intervenors.   No counsel appeared for the defendant.   The judgment of the court was pronounced by

SLIDELL, J.   The plaintiff seeks to recover from the defendant the amount of a promissory note, made by the defendant and endorsed in blank by *Sandell*,

---

*Sturges* and *Clark.* His claim is resisted both by the defendant, and the commissioners of the Clinton and Port Hudson Railroad Company, who have intervened in the cause.

The material facts in the case are, that one *Samuel Clark* made a surrender of his property to his creditors, and at the meeting of his creditors was chosen by them syndic of his own estate. Those who voted for him dispensed him from the duty of giving bond for the faithful performance of his duties as syndic. Among them was the president of the Railroad Company. A sale of the insolvent's estate took place, and *Kellar,* having become the purchaser of certain lands thus sold, gave notes for the purchase money, among which was the note now held by the plaintiffs. *Clark,* without any order of court, or tableau of distribution, passed this note to one *Morris,* and *Morris,* before its maturity, negotiated it to the plaintiffs, for merchandise sold by them to him.

The principal contest in this matter has been with regard to a question of fact. The defendant and intervenors contend that, although the last endorsement, that of *Clark,* now exhibits only the words *Samuel Clark,* that it once was *Samuel Clark, Syndic;* that the word syndic has been erased, but in such a manner as that an erasure is apparent.

At the trial in the court below, by agreement of counsel, experts were appointed, who reported that there had been no erasure. The note has been brought up in original. We have examined it, and we are not able to say that there has been any erasure; nor do we see any thing in the appearance of the note calculated to excite suspicion, or justify, in any degree, any imputation of negligence on the part of the plaintiffs in taking the note. It is satisfactorily proved that, the note is now in the same condition in which it was when they received it from *Morris;* that they took it before maturity, in the ordinary course of business, in good faith, and for a valuable consideration given by them, to wit, merchandise sold to *Morris.*

In *Nicholson, Syndic,* v. *Chapman.* 1 An. R. 222, where a note belonging to the insolvent estate bore the endorsement · *G. W. Pritchard, Syndic,*' we said that such an endorsement was notice that the note had once belonged to an insolvent estate, that it was sufficient to put the party on enquiry, and that he was bound to ascertain whether it had lawfully passed from the estate. But here is no such endorsement; and the fact that it once belonged to the estate of *Clark,* and that he had violated his official duty in transferring it without any order of court, is not sufficient to invalidate the ownership of a *bonâ fide* holder. The creditors of the estate must look for their recourse to the syndic, who has proved unworthy of their confidence, and to his bondsman. We could not say otherwise, without overthrowing a doctrine long established, and essential to the security of negotiable paper.

The defendant, during the pendency of the proceedings in the court below, moved and obtained leave to deposit in court, in the hands of the clerk, the amount of the debt, interest and costs, up to the time of the deposit, to abide the result of the controversy between the plaintiffs and intervenors. To this the intervenors only assented, the plaintiffs objecting. The defendant now contends that this discharged him from any further responsibility, and that no further interest can be recovered.

This deposit was not a tender; under its terms the plaintiffs had no right to take the money. It was in no way binding upon them. We must treat it as not made, and give the plaintiffs judgment for the debt, full interest, and costs.

DE GOER
v.
KELLAR.

It is therefore ordered that the judgment of the court below be reversed, that the petition of the intervention be dismissed, and that the plaintiff recover of the defendant, *George Kellar*, the sum of $3,332 66⅔, with interest from 19th January, 1833, until paid, at the rate of ten per cent per annum, and costs in both courts.